Filed 12/17/24  P. v. S.G. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083387 |
| v. | (Super.Ct.No. FELJS20000073) |
| S.G., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Kawika Smith, Judge.  Appeal dismissed.

Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for the Plaintiff and Respondent.

1

Defendant S.G. appeals from an order of the San Bernardino County Superior Court extending his involuntary commitment as a mentally disordered offender.

## BACKGROUND

Defendant suffers from schizoaffective disorder. Since March 2011, he has been civilly committed to Atascadero State Hospital pursuant to Penal Code section 2972, as an offender with a mental health disorder.[1]

In August 2023, the People filed a petition pursuant to section 2970 et seq. to extend defendant's involuntary commitment. In February 2024, the petition was granted after a jury found that defendant met the criteria of an offender with a mental disorder. Defendant timely noticed this appeal, and we appointed counsel to represent him.

On appeal, defendant's appointed appellate counsel filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication. Upon receipt of the brief, we offered defendant an opportunity to file any supplemental brief deemed necessary. He did not respond to our invitation.

## DISCUSSION

This is defendant's second appeal from an order extending his involuntary commitment. In his first appeal, as in this one, appointed appellate counsel filed a brief drawing this court's attention to the applicable law on sufficiency of the evidence to support an order extending the involuntary commitment of a mentally disordered offender, and requests us to review the record on appeal in accord with *People v. Wende*

---

[1] All further statutory references are to the Penal Code.

(1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738.  (*People v. Greenshields* (Nov. 14, 2017, E068257) [nonpub. opn.] (*Greenshields*).)  We dismissed defendant's first appeal because defendant failed to raise an arguable issue. (*Greenshields*, *supra*, E068257.)  Along the way, we noted our agreement with the conclusion in *People v. Taylor* (2008) 160 Cal.App.4th 304, 312 (*Taylor*) that the *Wende/Anders* procedures do not apply to cases involving commitments of mentally disordered offenders.  (*Greenshields*, *supra,* E068257.)

We continue to follow *Taylor*, *supra*,160 Cal.App.4th at page 312, and because defendant has not raised an arguable issue, we dismiss his appeal.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:

CODRINGTON
J.

MENETREZ
J.

3